UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MARK SHANNON,

    Plaintiff,

V.

DESIRAE THACKER, et al.,

    Defendants.

Civil Action No. 5: 23-060-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Proceeding without an attorney, Plaintiff Mark Shannon has filed an Amended Complaint against Defendants Officers Desirae Thacker, Parker CrayCraft, Scott Johnson, D. Thompson, and Maggard pursuant to 42 U.S.C. § 1983.[1] The Court previously granted Shannon's motion for leave to proceed *in forma pauperis* and directed him to pay $5.00 as an initial partial filing fee. [R. 10] Shannon filed a motion to waive payment of the initial partial filing fee requirement [R. 11], which was denied. [R. 12] Shannon then filed a "Motion to Waive or Extend Timeline to Pay Initial Filing Fee" [R. 13], which was also denied. [R. 15]

Accordingly, the Court previously entered a Show Cause Order [R. 15] directing Shannon to Show Cause, in writing, why this case should not be dismissed for failure to prosecute and failure to comply with the Court Order directing him to submit payment of an initial partial filing fee. In response to the Court's Order, Shannon filed a pleading styled as a "Show Cause Motion,"

---

[1] Shannon's original Complaint also alleged claims against Officer Helby and Deputy Sheriff Lyles Hendricks. [R. 1] However, neither Helby nor Hendricks are identified as Defendants in Shannon's Amended Complaint, thus the previously-asserted claims against them will be dismissed and these individuals will be dismissed as Defendants. In addition, D. Thompson and Maggard were first named as Defendants in Shannon's Amended Complaint, thus these individuals will be added as Defendants. The Court will direct the Clerk of the Court to update the docket accordingly.

stating that he has requested that the Clark County Detention Center deduct the initial filing fee from his inmate account, but they responded that they "are not able to take money off of the vend engine account until [Shannon] is released from the facility." [R. 16][2]

In light of Shannon's submission of documentation indicating that he has attempted to comply with the Court's prior Order, the Court will permit this matter to proceed. However, while the Court will give Shannon the benefit of the doubt regarding his efforts to request payment of the initial partial filing fee, the Court notes that county detention centers in this district routinely submit payment of Court fees from inmate accounts upon a proper request by the inmate, as funds held in inmate accounts are held in trust for the inmate. Out of an abundance of caution, the Court will direct the Clerk of the Court to complete a new Notice of Payment Form (Form EDKY 525) as directed below, and forward a copy of the Notice of Payment Form, this Order, and the Court's prior Order granting Shannon permission to proceed *in forma pauperis* [R. 10] to the Jailer/Warden of the Clark County Detention Center and to the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky. The Jailer/Warden of the Clark County Detention Center is reminded of the obligation to facilitate payment of Shannon's filing fee installment payments as set forth more fully in the Notice of Payment Form and the Court's prior Order.

The Court will now proceed with the initial screening of Shannon's Amended Complaint required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Shannon's Amended Complaint relates to a series of events culminating in his arrest on January 29, 2023, after he was pulled over by Officer Desirae Thacker of the Paris Police Department.

---

[2] Because Shannon captioned his response as a "Motion," it was docketed as such by the Clerk of the Court. [R. 16] However, because it is Shannon's response to the Court's Show Cause Order, the Court will direct the Clerk of the Court to deny the motion without prejudice for administrative purposes.

According to Shannon, Officer Thacker ordered him to step out of the vehicle and walked him to the rear of the vehicle, when she observed his passenger "moving around." [R. 7 at p. 2] Thacker then directed two other officers to handcuff Shannon "before discovering [Shannon's] identity." [*Id*.] Shannon alleges that Officers Parker Craycraft, D. Thompson, and Maggard aggressively bent Shannon's arms behind his back, told Shannon to "shut up" when he told them that he had reconstructive surgery on his right shoulder and could not put his arms behind his back, and placed Shannon in handcuffs that were extremely unreasonably tight. [*Id*.] Shannon claims that, in an attempt "to seek some comfort," he brought his hands under his buttocks and his feet so that they were in front of him, at which point Officer Craycraft yelled that Shannon had "slipped his cuffs to the front." [*Id*.]

At this point, Shannon claims that the officers "snatched" him out of the car and slammed him into the side of the vehicle, and again used "unreasonable and unnecessary excessive force" to re-handcuff Shannon with his hands behind his back. [*Id*. at p. 3] Shannon claims that the experience caused him to fear for his life and "go into a mental state of automatism." [*Id*.]

In his original complaint, Shannon explained that, after he was placed in the Sherriff's transport vehicle, he slipped into this "mental state of automatism" causing him to "[take] off in the Sherriff's Transport Unit trying to find a hospital to seek medical attention and safety from further abuse by the Paris Police." [R. 1 at p. 4] Shannon further admits that he was "extremely high on meth freaking out," and that he "acknowledged a shot-gun laying in the seat beside him but however, refused to entertain the thought of touching that weapon." [*Id*. at p. 5] Shannon further explains that he "saw a hospital sign pointing to I-64 West," but "[i]n the course of taking the on-ramp was struck in the rear side of the Sherriff's Vehicle by an officer in his squad car causing damage to the rear wheel." [*Id*. at p. 4-5]

3

It is at this point that Shannon claims that he was "dragged out" of a police vehicle by Officer Scott Johnson, who had Shannon by the top of his head of hair and his throat, and then Johnson and another officer held Shannon while "sic[ing] the (K-9) Monster" on Shannon and "allowing the vicious monster to bite [Shannon] six times" until a Kentucky State Police Officer made them call off the dog. [R. 7 at p. 3] Shannon alleges that the KSP Officer dispatched an EMS unit, who took Shannon to the hospital, although he was placed in unreasonably tight handcuffs and shackles. [*Id*.] Based upon these allegations, Shannon brings claims for violation of his rights under the Fourth and Eighth Amendments, violation of his "universal declaration of human rights," as well as a claim of assault. [*Id*. at p. 4] As relief, he requests that the officers receive the appropriate reprimands and that Shannon be awarded monetary damages totaling approximately $30 million. [*Id*. at p. 8]

However, Shannon's claims relate to ongoing state criminal proceedings pending against him in the Bourbon County Circuit Court. A review of the Kentucky Court of Justice's online CourtNet database indicates that, as a result of the events surrounding Shannon's January 29, 2023 arrest, Shannon was indicted by a grand jury and charged in Bourbon Circuit Court with a variety of criminal counts, including one count of being a Convicted Felon in Possession of a Handgun in violation of K.R.S. 527.040; four counts of Wanton Endangerment (Second Degree) of a Police Officer in violation of K.R.S. 508.070; one count of Trafficking in Marijuana (First Offense) in violation of KRS 218A.1421(2)(A); two counts of First Degree Criminal Mischief in violation of KRS 512.020; one count of Possession of a Controlled Substance (First Degree, First Offense) in violation of KRS 218.1415; one count of Theft by Unlawful Taking or Disposition of an Automobile in violation of KRS 514.030; one Count of Escape in the First Degree in violation of KRS 520.020; one count of First Degree Fleeing or Evading Police in violation of KRS 520.095;

and two counts of Wanton Endangerment (First Degree) of a Police Officer in violation of KRS 508.060. *See Commonwealth v. Shannon*, No. 23-CR-00074 (Bourbon Cir. Ct. 2023).[3]

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Shannon remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Shannon's complaint indicates the presence of any factor which "render[s] the state court

---

[3] *See* https://kcoj.kycourts.net/CourtNet/Search/Index (accessed December 12, 2023). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Younger* abstention is therefore warranted and appropriate with respect to Shannon's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

However, in light of Shannon's demand for monetary damages, this Court will stay, rather than dismiss, Shannon's claims. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Here, Shannon's "monetary demand is sufficient to warrant a stay and not dismissal in this case." *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013). *See also Nimer v. Litchfield Tp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("[T]he appropriate procedure, when abstaining under *Younger*, is to stay the proceedings rather than to dismiss the case without prejudice. Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.").

Even if staying (rather than dismissing) Shannon's claims eventually proves "an empty formality," *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), Sixth Circuit precedent provides for Shannon's pending complaint to remain on the Court's docket at this time. The Court will, therefore, enter a stay in Shannon's civil rights case during the pendency of his state criminal proceedings, and the litigation of the present matter will resume after the state proceedings are resolved. Because abstention is clearly warranted in this case, the Court will defer

further review of Shannon's claims under 28 U.S.C. §§ 1915 and 1915A until such time as the stay is lifted.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Because Shannon's Amended Complaint [R. 7] no longer asserts claims against them, the claims previously asserted against Defendants Officer Helby and Deputy Sheriff Lyles Hendricks are **DISMISSED WITHOUT PREJUDICE** and Officer Helby and Deputy Sheriff Lyles Hendricks are **DISMISSED AS DEFENDANTS**;

2. The Clerk of the Court **SHALL UPDATE** the docket to add D. Thompson and Officer Maggard as Defendants;

3. Shannon's Response to the Court's Show Cause Order, docketed as a "Show Cause Motion" [R. 16], is **DENIED** for administrative purposes;

4. The Clerk of the Court **SHALL COMPLETE** a Notice of Payment Form (Form EDKY 525) with (a) Shannon's name, (b) his inmate registration number, and (c) this case number. The Court **SHALL SERVE** a copy of this Order, the Notice of Payment Form, and the Court's Order granting Shannon permission to proceed *in forma pauperis* [R. 10] on the Jailer/Warden of the Clark County Detention Center and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky;

5. Pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court **ABSTAINS** from further evaluating or adjudicating Shannon's Amended Complaint at this time;

6. This matter is **STAYED** for the pendency of Shannon's state court criminal proceedings; and

7. **Every ninety (90) days** (beginning 90 days from the date of this Order), Shannon must file a "Status Report" with the Court in this case, explaining the status of his state criminal cases and whether or not those cases remain pending or have been resolved, and if they have been resolved, how. **Failure to provide the Court with these status reports providing the information requested may result in Shannon's Amended Complaint being dismissed without prejudice for failure to prosecute.**

This the 13th day of December, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY